**SILVERMANACAMPORA LLP**
Attorneys for Lori Lapin Jones,
Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Robert Nosek, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

CHANA TAUB,

Debtor.

Chapter 11
Case No.: 08-44210 (ESS)

---------------------------------------------------------------x

CHANA TAUB,

Appellant,

- against -

LORI LAPIN JONES, AS CHAPTER 11 TRUSTEE OF THE ESTATE OF CHANA TAUB,

Appellee.

Civ. No. 12-CV-2009 (RJD)

---------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S OBJECTION TO THE DEBTOR'S REQUEST FOR PERMISSION TO APPEAL AND FOR AN EMERGENCY STAY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005**

Lori Lapin Jones (the "Trustee"), the chapter 11 trustee of the estate of Chana Taub (the "Debtor"), by her counsel, SilvermanAcampora LLP, in response to the Court's Order to Show Cause, hereby (i) objects to the Debtor's Request for Permission to Appeal and Seek an Emergency Stay, dated April 24, 2012 (the "Motion"), pending the Debtor's appeals from (a) an Order, entered March 8, 2012 (the "Procedures Order") establishing sale and notice procedures for the Trustee's proposed sale of real property owned by the Debtor's bankruptcy estate located at and known as 1489 14th Avenue, Brooklyn, New York (the "Brooklyn Property"), and (b) a "So Ordered" Stipulation, entered March 7, 2012 (the "Forshay Order", and collectively with the Procedures Order, the "Orders"), resolving Wells Fargo, N.A.'s secured claim against real

property owned jointly by the Debtor's bankruptcy estate and Simon Taub, the Debtor's ex-husband, located at and known as 85 Forshay Road, Monsey, New York (the "Forshay Property"), and permitting the Trustee to sell the Forshay Property, with limitations on the disposition of proceeds from such sale (the "Forshay Settlement"); (ii) shows cause why the relief sought in the Motion should not be granted; and (iii) requests such other and further relief as is just and proper. In support of this objection, the Trustee sets forth as follows.

**PRELIMINARY STATEMENT**

1. Like the Debtor's countless prior appeals, the two current appeals lack merit and should be dismissed.[1] Notably, and not surprisingly, neither of the two law firms currently representing the Debtor in her bankruptcy case saw fit to file motions for leave to appeal, to sign the appeals from the Orders or to request the stay now sought by the Debtor.

2. Initially, the Debtor's request for a stay of the Procedures Order and Forshay Order is improperly before this Court because a request for a stay of an order by a bankruptcy judge must "ordinarily be presented to the bankruptcy judge in the first instance." *See* F.R.B.P. 8005. Although the Debtor had well over one month to seek that relief from Bankruptcy Judge Stong, the Debtor never did so.

3. Moreover, to the extent that the Order implicate the automatic fourteen (14) day stay provided by Bankruptcy Rule 6004(h) (which they do not), that fourteen (14) day period expired long before the Debtor sought her instant stays. Indeed, in actuality and again contrary to the Debtor's arguments, the proposed sales are ***not*** closing on May 9, 2012. That is the date of the auctions. Thereafter, and once the auction process has been concluded, on May 10,

[1] Interlocutory orders cannot be appealed except by permission. Pursuant to 28 U.S.C. §158(a), a District Court has "jurisdiction to hear appeals (1) from final judgments, orders, and decrees [of the bankruptcy court] ... and, (3) ... with leave of the court, from interlocutory orders and decrees, of bankruptcy judges ...." 28 U.S.C. §158(a)(1) & (3). *See In re Jackson Brook Institute, Inc.*, 280 B.R. 1 (D. Maine 2002). In order for a district court to certify an order for interlocutory appeal under 28 U.S.C. §1292(b), the party seeking certification must show that the order it seeks to appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). *In re Del-Val Financial Corp Securities Litigation*, 874 F.Supp. 81 (S.D.N.Y. 1995).

2012, there are scheduled hearings before the Bankruptcy Court to confirm the sale of the Brooklyn Property and to hear any objections regarding the sale of the Forshay Property. It is at that time that Judge Stong will decide whether to confirm the sales and to include in the sale orders provisions waiving the 14-day stay (which the Trustee is requesting) under Bankruptcy Rule 6004(h).

4. Finally, the Debtor's request for a stay of the Orders should be denied because the Debtor has failed to carry the heavy burden required for the issuance of a stay pending appeal. In the interest of judicial economy and in order to stem the unnecessary expenditure of professional fees by the Trustee, the Court should consider dismissal of the pending appeals as frivolous.

## BACKGROUND

5. On July 1, 2008, the Debtor filed a voluntary petition for relief in accordance with Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

6. By Order Directing the Appointment of a Trustee dated April 9, 2010, the Bankruptcy Court directed the Office of the United States Trustee to appoint a trustee to perform the duties set for in Bankruptcy Code Section 1106(a). By Order Approving Selection of Chapter 11 Trustee dated April 13, 2010, the selection by the United States Trustee of Lori Lapin Jones as Chapter 11 Trustee ("Trustee") was approved by the Bankruptcy Court.

7. Because this Court has previously ruled on multiple appeals previously filed by the Debtor over the past several years[2], familiarity with the details of the Debtor's bankruptcy and matrimonial cases is assumed.

[2] Four of the most recent appeals by the Debtor are 11 CV 3720 (RJD), 11 CV 3721 (RJD), 11 CV 3859 (RJD), and 11 CV 3860 (RJD), all of which were dismissed by the Court.

**ARGUMENT**

**I.**

**THE STAY MOTION SHOULD BE DENIED**

8. A request for a stay pending appeal is a request for extraordinary relief, equitable in character, for which the movant bears a heavy burden. *See In re Adelphia*, 333 B.R. 649, 659 (S.D.N.Y. 2005). In deciding whether to grant a stay pending appeal, four factors are considered: (1) whether there is a substantial possibility of success on appeal; (2) the risk of irreparable injury if the stay is denied; (3) the lack of substantial harm to the other parties if a stay is granted; and (4) whether the grant of a stay will serve the public interest. *In re Baker*, 2005 WL 2105802, at *3 (E.D.N.Y. 2005). These factors are equally applicable in determining whether to grant a motion seeking a stay pending appeal of an order under Bankruptcy Rule 8005. *See In re Slater*, 200 B.R. 491, 495 (Bankr. E.D.N.Y. 1996), *In re Holtmeyer*, 229 B.R. 579 (Bankr. E.D.N.Y. 1999), and *In re Country Squire Assocs. of Carle Place*, L.P., 203 B.R. 182 (2d. Cir. B.A.P. 1996). The Debtor has not carried her burden of demonstrating that a stay of either Order is appropriate.

**There Is No Substantial Likelihood Of Success On Appeal**

9. The district court, in hearing appeals from a bankruptcy court, reviews questions of law *de novo* and questions of fact under the "clearly erroneous" standard of review. *See* Federal Rule of Bankruptcy Procedure 8013. *See also In re Momentum Manufacturing Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *In re PCH Associates*, 949 F.2d 585, 597 (2d Cir. 1991); *In re Nemko, Inc.*, 202 B.R. 673, 677 (E.D.N.Y. 1996). Discretionary decisions of the bankruptcy court are reviewed for abuse of discretion. *See In re Nemko*, 202 B.R. at 679; *In re Burdick Assoc.*,150 B.R. 516 (E.D.N.Y. 1993). On appeal, the Procedures Order and the Forshay Order will be reviewed for abuse of discretion.

**The Forshay Order**

10. Judge Stong's decision to enter the Forshay Order was neither clearly erroneous nor an abuse of discretion. The Forshay Order reflected a settlement among the secured creditor, the Debtor's former spouse (a co-owner of the Forshay Property) and the Trustee and was approved under the applicable Bankruptcy Rule 9019 standard. There was nothing argued in the Bankruptcy Court or in the Debtor's current request for a stay that would suggest that the settlement was not reasonable.

11. The "approval of [a] proposed compromise and settlement is a matter of [the] Court's sound discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). In approving a compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an "[e]ducated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, *reh'g denied*, 391 U.S. 909 (1968). *See Chopin Assoc. v. Smith (In re Holywell Corp.)*, 93 B.R. 291, 294 (Bankr.S.D.Fla. 1988); *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 628, 611 (Bankr.N.D.Ohio), aff'd, 87 B.R. 472 (N.D.Ohio 1987). In making its determination, a Bankruptcy Court considers whether the proposed compromise is in the "best interest of the estate". *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988). However, "the bankruptcy court does not substitute its judgment for that of the Trustee". *Depo*, 77 B.R. at 384.

12. The Bankruptcy Court is not required "to decide the numerous questions of law and fact raised by [objectors].... [R]ather [the Court will] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In*

*re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert denied*, 464 U.S. 822 (1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert denied*, 409 U.S. 1039 (1972). *See Holywell* 93 B.R. at 294; *In re Teltronics Services, Inc.*, 762 F.2d. 185, 189 (2d Cir. 1985). Bankruptcy Courts "may give weight to the opinions of the Trustee, the parties and their counsel." *Bell & Beckwith*, 77 B.R. at 512.

13. In this case, Judge Stong properly canvassed the issues presented by the Forshay Settlement and properly determined, in the sound exercise of the Court's discretion, that the tri-party settlement which resolved Wells Fargo's secured claim against the Forshay Property and included a waiver of any deficiency claim for the benefit of the Debtor's estate and creditors was amply supported and exceeded the minimal requirements necessary for the approval of the Forshay Settlement.

14. Based upon the established standards for the approval of settlements and the record before the Bankruptcy Court, the Debtor's unauthorized appeal from the Forshay Order has little likelihood of success on appeal.

**The Procedures Order Regarding The Brooklyn Property**

15. Judge Stong's decision to approve sale and noticing procedures for the proposed sale of the Brooklyn Property through entry of the Procedures Order was also not clearly erroneous or an abuse of discretion. In fact, such approval is entirely consistent with Sale Guidelines adopted by the United States Bankruptcy Court for the Eastern District of New York under Administrative Order 557, dated March 29, 2010. In upholding the Trustee's business judgment to sell the Brooklyn Property, the issues were fully briefed, Judge Stong held a lengthy hearing and a bidding term specifically requested by one of the Debtor's attorneys was incorporated in the Procedures Order.

16. Under those circumstances, the Debtor will be hard pressed to establish that the Bankruptcy Court decision to allow the Trustee to proceed with the sale of the Brooklyn Property, on terms that the Debtor and her counsel requested, was somehow "clearly

erroneous" or an "abuse of discretion". The Motion should be denied on the foregoing grounds alone.

**There Will Be No Irreparable Harm To The Debtor If The Stay Is Denied**

17. An irreparable injury must be actual and imminent. See *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). The Debtor argues that *she* will suffer injury if the properties are sold even though she does not reside in either of them. However, the estate owns the properties and by selling them the estate will convert the properties to cash. The is nothing extraordinary about those transactions and they simply do not constitute irreparable harm to the Debtor. That is particularly true, when, as here, the proceeds will go to pay debts of the Debtor's estate and any surplus proceeds will inure to the benefit of the Debtor as the end of the case.

18. Additionally, contrary to the Debtor's contention, the sale of the Brooklyn Property nor the Forshay Property will ***not*** deprive the Debtor's estate of uncollected income. The terms and conditions for the sale of the Brooklyn Property provide that "[the sale of the Brooklyn Property] *does not include the right to collect any past due rents, use and occupancy charges or other charges* owed by any occupants of the Real Property as of the Closing." *See Brooklyn Property Order, Terms and Conditions of Sale,* ¶ 11 (emphasis added). The Trustee specifically retained the right to pursue Simon Taub for unpaid rents and other charges for the benefit of the Debtor's estate.

19. Regarding the Forshay Property, Wells Fargo, as secured creditor has agreed to waive all claims, including the right to collect any unpaid rent which will be retained by the Trustee.[3]

---

[3] Upon information and belief, the Debtor has been improperly collecting rents from the tenant at the Forshay Property subsequent to the Trustee's appointment and not turning those amounts over to the Trustee.

20. Under those circumstances, there is no "irreparable harm" that would support the Debtor's stay requests. Moreover, as set forth below, the Debtor's estate and its creditors will be irreparably harmed if the Trustee is not permitted to proceed with a reasonable, measured sale process for the properties.

**Granting A Stay Is Likely To Result In Substantial Harm To The Other Parties**

21. The Debtor contends that each of the properties has significant equity. If the Debtor is correct, then the Debtor's estate and her creditors will be damaged if those properties are not sold and the equity accessed in order to pay the Debtor's just debts. If the Debtor is wrong and there is not significant equity in the properties, then the sale of those properties will stem the further erosion of any equity and the creation of a larger deficiency. It is noteworthy that the State Court in its matrimonial decision required that the properties be sold and the Trustee, after properly evaluating all potential options, has independently determined that such sales are both warranted and appropriate.

22. The sales have been noticed for May 9, 2012, on more than twenty-four (24) days notice, which is the required minimum notice for sales under Bankruptcy Code Section 363(b). *See* Fed. R. Bankr. P. 2002(a)(2). The Trustee's real estate broker has advertised the sales, has arranged for inspections, and has incurred the costs associated with marketing the properties for sale. More importantly, the properties are losing money because they do not generate sufficient proceeds to cover the mortgage, taxes, insurance, utilities and repairs.

23. The two secured creditors, Wells Fargo against the Forshay Property, and Fannie Mae against the Brooklyn Property, have been waiting for years to be paid just their regular monthly mortgage payments. Under these circumstances, a stay would undoubtedly be harmful to the administration of the bankruptcy estate and to its creditors.

**A Stay Serves No Public Interest**

24. No public interest is served by granting the Motion. The paramount interest in a bankruptcy case is that of the creditors to the estate and it is the creditors who will benefit from the sale of the real properties.

**II.**

**THE ISSUANCE OF A STAY MUST BE CONDITIONED ON THE POSTING OF AN ADEQUATE BOND**

25. Even assuming that the Debtor has established all of the elements required for a stay pending appeal (which she clearly has ***not***), any stay should be conditioned upon the issuance of a supersedeas bond in a sum sufficient to protect the interests of the Debtor's creditors and of the Debtor's estate. *See* F.R.B.P. 7062(d) and 8005.

**CONCLUSION**

26. For all of the reasons set forth above, the Motion should be denied and the Debtor's unauthorized appeals dismissed.

Dated: Jericho, New York
April 30, 2012

**SILVERMANACAMPORA LLP**
Attorneys for Lori Lapin Jones,
Chapter 11 Trustee

By: *s/Anthony C. Acampora*
Anthony C. Acampora
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300