Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
Attorneys for Creditor, Esther Newhouse
664 Chestnut Ridge Road
Spring Valley, New York   10977
(845) 352-8800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                          Chapter 11

    Chana Taub,                                        Civ. 12 - 2009

                                 Debtor

-------------------------------------------------------------x

**STATEMENT OF ESTHER NEWHOUSE IN SUPPORT OF STAY OF
SALE ORDERS PENDING APPEAL**

**To:**   **The Honorable Raymond J. Dearie
United States District Judge**

      Esther Newhouse, creditor, party in interest ("Mrs. Newhouse"), and sister of Chana Taub, the debtor in this Chapter 11 proceeding ("Debtor"), by and through her attorneys, Kurtzman Matera, P.C., respectfully submits this Statement in Support of a Stay of the Sale Orders entered by the United States Bankruptcy Court pending an appeal thereof and respectfully sets forth as follows:

**THE MONSEY PROPERTY**

      1.      On March 7, 2012, a Stipulation of Settlement ("Stipulation") was "SO ORDERED" by the Bankruptcy Court, permitting Lori Lapin Jones, the Chapter 11 trustee ("Trustee") of the bankruptcy estate of the Debtor to sell the real property at 85 Forshay Road, Monsey, New York 10952 ("The Monsey Property").  A copy of the Stipulation is annexed as Exhibit "D" to the Request for Permission to Appeal and Seek an Emergency Stay.

2. From the sale proceeds, the Trustee shall pay:

(I) the commission of her retained real estate broker, David R. Maltz & Co., Inc.;

(ii) her own statutory commission and actual expenses;

(iii) the legal fees and expenses of her counsel;

(iv) capital gains tax (if any); and

(v) real estate taxes owing against The Monsey Property. (Collectively, the "Carve Out").

3. Nothing in the Stipulation is for the benefit of the unsecured creditors of this estate. The only beneficiaries are the Trustee, her professionals and Simon Taub.

4. A trustee, or debtor in possession has a duty to maximize the value of the estate to ensure that resources are used to benefit the unsecured creditors and other parties in interest. In re Penick Pharmaceutical, Inc., 227 B.R. 229, 232-33 (Bkrtcy. S.D.N.Y. 1998) (citations omitted). A trustee should not undertake actions where there is no benefit to the estate. A trustee's duty under Section 704 of the United States Bankruptcy Code, made applicable in part to Chapter 11 via Section 1106(a), requires a cost benefit analysis. See In re C. Keffas & Son Florist, Inc., 240 B.R. 466, 474-75 (Bkrtcy. E.D.N.Y. 1999). " '[T]he trustee as representative of the estate should not (under usual circumstances) be engaging in activities such as the sale of fully secured property where there is no potential equity for general creditors and with the trustee enhancing his compensation with no corresponding benefit to the general estate'." In re Pink Cadillac Associates, 1997 WL 164282*4 (S.D.N.Y.), citing In re Lambert Implement Co. Inc., 44 B.R. 860, 862 (Bkrtcy. W.D. Ky. 1984). "The trustee should not serve 'consenting secured creditors in the collection of their security and thereafter be entitled to statutory compensation for their services' where there is no equity in the property, because that 'could impose upon the court

the duty to serve as a foreclosure collection forum'." In re Pink Cadillac Associates, id., citing In re Crisp, 26 B.R. 274, 275 (Brkcty. W.D.Ky. 1982).

  5. In DeRosa v. N.P.S.I., Inc., and N.P.S. Corp., (In re F&S Central Manufacturing Corp., 70 B.R. 569 (Bkrtcy. E.D.N.Y. 1987) ), the Court praised a trustee in performing her fiduciary duties on behalf of unsecured creditors where a settlement benefitted those creditors and not the party breaching an enforceable contract. Id. At 577.

## THE BROOKLYN PROPERTY

  6. On March 8, 2012, an Order ("Order"), (Exhibit "B" to the Request for Permission to Appeal and Seeking Emergency Stay) was entered by the Bankruptcy Court establishing bidding procedures and noticing guidelines for the sale of 4819 14th Avenue, Brooklyn, New York ("The Brooklyn Property"). This Order includes a waiver of the stay provisions of Federal Rules of Bankruptcy Procedure ("Rules") 6004 and 6006.

  7. The proposed sale of The Brooklyn Property amounts to: (i) the Trustee's moving this estate into Chapter 7 mode; (ii) a sidestepping of Orders issued by this Court and the State Court; (iii) an acknowledgment that the property manager, who has been touted at nearly every status conference, has not and cannot do its job; (iv) a neglect of procedures for a possible mortgage modification; (v) an admission of failure as it concerns the ability, if not duty, of this Trustee to enforce Court Orders which benefit this estate; (vi) an admission that this Trustee has not proposed a Plan of Reorganization; (vii) an inability to satisfy Lionel; (ix) a violation of even the deference to which a trustee is entitled under the business judgment standard when examined in light of the above articulated objections; particularly, the existing Court Orders; and (ix) an attempt to avoid the fundamental protections of the referenced Rules.

  8. Section 363(b) of the United States Bankruptcy Code ("Bankruptcy Code") addresses the sale of assets outside the ordinary course of business. "A sale of the major part of

the estate under section 363 may have the practical effect of resolving issues that would ordinarily be addressed in connection with confirmation of a plan. Thus, there is some danger that a section 363 sale might deprive parties of substantial rights inherent in the plan confirmation process. Accordingly, even where there is no doubt that a court may authorize a section 363 sale of substantially all the estate's assets, courts closely scrutinize such sales and have refused to approve sales that dictate the terms of a plan or that go materially beyond converting the estate's assets to cash in a way that is not necessary to preserve an operating business. . . ". <u>Collier on Bankruptcy</u>, Sixteenth Edition, Vol. 3, ¶ 363.02[3].

9. In arguing the ability to sell The Brooklyn Property, the Trustee cited to <u>In re Lionel Corp.,</u> 722 F. 2d 1063 (2d Cir. 1983) and the business judgment standard. The facts herein provide a contrary justification. If Simon Taub has not paid a reasonable, market value rent for the apartment he occupies, no rent since July, 2011 or past rent, the Trustee's remedy is to pursue eviction and collection. Indeed, the Order on Motion to Restrain, Exhibit "E" to the Request for Permission to Appeal and Seek an Emergency Stay, entered by the Bankruptcy Court on April 9, 2010, requires, *inter alia*, that:

> Mr. Taub is directed to turn over and account to the Debtor's estate for any rent that he has collected from the Titled Properties.

> Mr. Taub is directed to pay to the Debtor's estate the fair market rent due for his occupancy of an apartment at the 14th Avenue Property.

> Mr. Taub is directed to pay monthly rent to the estate for so long as he occupies the apartment in the 14th Avenue Property.

10. The Trustee should seek enforcement of the Order on Motion to Restrain. Therein lies the benefit to this estate and the means to pay, if not entirely satisfy, the relatively modest Fannie Mae mortgage on The Brooklyn Property.

11. The Trustee further argued that the failure of another tenant, Medical, to pay rent since July, 2011 also provided justification for the sale. Again, to the contrary, the Trustee needs to collect the rent or evict. With regard to the third apartment, that should be immediately rented, increasing, or, in accordance with her duty, maximizing this bankruptcy estate.

12. The Trustee may also be able, assuming she cannot satisfy the mortgage with Fannie Mae, to renegotiate its terms. There was no representation that this avenue has been explored.

13. There is an obligation on the part of Simon Taub to pay a judgment of $1,600,000.00, plus interest. This amount represents _more_ than the Trustee anticipates receiving from the sale of The Brooklyn Property and, more importantly, would not entail the approximate $100,000.00 or ten (10%) percent in additional administrative expenses.

14. Most importantly, the payment of rent, past and present by Simon Taub along with payment of the judgment provides a means to propose a Plan of Reorganization.

15. Important to the proposed sale of The Brooklyn Property and granting of a stay as requested by the Debtor, is the case of In re Hilsen, 119 B.R. 435 (S.D.N.Y. 1990). There, The United States District Court for the Southern District of New York examined the assets of a debtor prior to the entry of a judgment of divorce and the rights of a trustee therein. What mirrors the facts in the instant case is the District Court's following recitation:

> The record indicates that Jesse Hilsen did nothing to create sufficient income to meet the mortgage payments on his properties during the more than sixteen months that he was Chapter 11 debtor-in-possession. For example, three of the four rental apartments in the 1449 Lexington Avenue building, which in the past rented for $1000 per month, remained vacant from approximately June 1986. There is no indication in the record that Jesse Hilsen made any attempt to rent the properties consistent with his duties as debtor-in-possession under Chapter 11. There is also no indication that the mortgage creditors sought to convert the Chapter 11 reorganization to a Chapter 7 liquidation in order to protect their increased funds at risk.

Id. At 437.[1]

16. What makes the facts here more compelling is that this estate has already been taken out of the hands of the Debtor, unlike in Hilsen, with the appointment of a Chapter 11 Trustee. That action was taken in the interest, at least in part, of the bankruptcy estate's preservation and maximization. There is, however, neither preservation nor maximization when the Trustee engages in Hilsen like conduct and then moves for a sale.

### THE STAY

17. Staying the sales of The Monsey Property and The Brooklyn Property is clearly warranted. Irreparable harm, consisting of the loss of this real estate and the loss of the income from The Brooklyn Property cannot be undone. The bankruptcy estate will also see a claim for the increased administrative costs.

18. The stay will not cause substantial injury to the bankruptcy estate. The sale of The Monsey Property is of no benefit to the bankruptcy estate. Further, if the recoveries from Mr. Taub prove to be insufficient, the right to sell The Brooklyn Property remains.

19. The means for emerging from Chapter 11 is confirmation of a Plan of Reorganization. Sufficient monies to fund a Plan of Reorganization, without a sale of real property may well be possible.

20. The confirmation of a Chapter 11 Plan of Reorganization, without the need for the dismemberment of the assets of this bankruptcy estate without additional, avoidable administrative expenses, is an admirable goal. The sale of a fully encumbered property where no monies are generated for unsecured creditors and only fees are created is contrary to the public interest.

---

[1] Both Hilsen and In re Palmer, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987), are cited approvingly for the proposition, also present herein, that Mr. Taub by way of an equitable distribution award, is, at best, an unsecured creditor of the Debtor's Estate. See Musso v. Ostashko, 468 F. 3d 99, 108 (2d Cir. 2006). In point of fact, the rental obligation and required accounting could well render Mr. Taub a debtor of this estate.

## **CONCLUSION**

It is respectfully requested that the stay sought by the Debtor be granted.

Dated: Spring Valley, New York
April 30, 2012

                                                  Kurtzman Matera, P.C.
                                                  Attorneys for Esther Newhouse


                                                  /s/ Rosemarie E. Matera
                                                  Rosemarie E. Matera, Esq.
                                                  664 Chestnut Ridge Road
                                                  Spring Valley, New York 10977

Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
Attorneys for Creditor, Esther Newhouse
664 Chestnut Ridge Road
Spring Valley, New York   10977
(845) 352-8800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                  Chapter 11

    Chana Taub,                                                Civ. 12 - 2009

                                 Debtor

------------------------------------------------------------x

## **CERTIFICATION**

    Esther Newhouse certifies as follows:

    That I have read the foregoing Statement and that I know the contents thereof. That the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

Dated: April 30, 2012

                                                                 /s/ Esther Newhouse
                                                                   Esther Newhouse