UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    CHANA TAUB,

                Debtor
------------------------------------------------------------X

MEMORANDUM AND ORDER

12-cv-2009 (WFK)

**KUNTZ, United States District Judge**

    Debtor Chana Taub ("Debtor") seeks an emergency stay from this Court pending her appeals of two orders entered by Bankruptcy Court Judge Elizabeth Stong in March 2012. Creditor Esther Newhouse, the sister of the Debtor, supports the stay application. The Chapter 11 Trustee for the Estate of the Debtor, Lori Lapin Jones ("Trustee"), objects to this application for a stay. For the reasons stated, the application for a stay is denied.

## INTRODUCTION

    By order dated March 7, 2012 (the "Monsey Order"), Bankruptcy Court Judge Elizabeth Stong "so ordered" a stipulation intended to resolve the Wells Fargo, N.A. secured claim against real property in Monsey, New York. The property is owned jointly by the bankruptcy estate of the Debtor and her ex-husband. By order dated March 8, 2012 (the "Brooklyn Order"), Judge Stong approved the sale and notice procedures proposed by the Trustee for the sale of real property located in Brooklyn, New York owned by the bankruptcy estate of the Debtor. Considering the approximately twenty appeals—to this Court alone—stemming from the underlying bankruptcy proceeding during the past four years, the Court presumes the parties to be quite familiar with the factual and procedural history of the divorce and bankruptcy proceedings. *In re Chana Taub*, No. 10-cv-5717, 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2012) (Dearie, J.).

# DISCUSSION

## (a) Debtor's Failure to First Seek Relief from the Bankruptcy Court

The law in this District is quite clear: "Before the court reaches the merits of debtor's motion to stay the bankruptcy court orders . . . , the court must determine whether it has jurisdiction to hear debtor's appeal." *In re 347 Linden*, No. 11-cv-1990, 2011 WL 2413526, at *4 (E.D.N.Y. June 8, 2011) (Matsumoto, J.). A motion by a party seeking "a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. If instead the party appeals directly to the district court, the party "shall show why the relief . . . was not obtained from the bankruptcy judge." *Id.* If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter.

The Bankruptcy Court entered the last of the two orders at issue on March 8, 2012. The Debtor did not thereafter seek a stay of these orders from the Bankruptcy Court. Rather, she waited approximately seven (7) weeks to file with this District Court an Order to Show Cause for Emergency Stay, which she filed on April 24, 2012. Thus, the Debtor bears the burden of demonstrating her entitlement to bypass the Bankruptcy Court.

The Debtor offers two reasons why she should be excused from her non-compliance with Bankruptcy Rule 8005. First, she asserts "the timing of the orders in question renders this matter urgent, leaving no time for an application in [the] Bankruptcy Court." (Debtor's Req. for Permission to Appeal and Seek an Emergency Stay, at ¶ 3.) Second, she asserts "the orders themselves make it clear that a stay cannot possibly be expected from the Bankruptcy Court." *Id.* The Court addresses these arguments in turn.

This Court rejects the Debtor's so-called "urgency" argument. The Debtor waited nearly seven (7) weeks before seeking a stay of the orders at issue and now fails to provide this Court with any explanation—let alone a reasonable one—for this delay. The Debtor cannot rely on an "urgency" argument because any emergency now existing is the product of the her own doing.

Similarly, the Debtor's assertion that seeking a stay from the Bankruptcy Court would have been futile is unpersuasive. She relies primarily on certain language contained within the earlier two orders: first, the Monsey Order has language essentially conditioning the Order's effectiveness on it becoming final and non-appealable; and second, the Brooklyn Order has language proposing to waive the stay provisions of Bankruptcy Rules 6004 and 6006.

The Debtor simply misinterprets the language of the Monsey Order. Contrary to the Debtor's assertion, this language does not render this Order final and non-appealable. Rather, the language provides a condition precedent; the Order must actually become final and non-appealable before any party must perform its duty. Therefore, the Debtor has not met her burden of demonstrating how seeking a stay from the Bankruptcy Court would be futile. As such, the Court lacks jurisdiction to review the Monsey Order.

The Court likewise finds the Debtor's argument regarding the Brooklyn Order unpersuasive. While the Order does contain language that would waive Bankruptcy Rules 6004 and 6006, Bankruptcy Judge Stong must still consider whether or not to approve the sale and its terms, including these provisions. There is a hearing scheduled on May 10, 2012, during which Bankruptcy Judge Stong will hear objections and decide whether or not to confirm both the sale and the provisions to which the Debtor objects. The Debtor has not demonstrated why she should not have to seek a stay from Bankruptcy Judge Stong before turning to this Court. For example, in *In re Moreau*, 135 B.R. 209, 212 (N.D.N.Y. 1992), United States District Court

Judge Neal McCurn held the appellant satisfied its burden of bypassing the bankruptcy court because the bankruptcy judge himself specifically stated he would not stay his own orders. Here, however, the Debtor provides no evidence that Bankruptcy Judge Stong would not consider all evidence, listen to all parties, and make an impartial and fair decision about whether to stay her own orders. Thus, the Debtor has not met her burden of demonstrating how seeking a stay from the bankruptcy court would be futile. As such, the Court lacks jurisdiction to review the Brooklyn Order.

The Debtor admits she failed to adhere to Bankruptcy Rule 8005. Her proffered reasons as to why this Court nonetheless should hear her request for an emergency stay are unconvincing. She provides no compelling argument why Bankruptcy Judge Stong should not have heard this request first before bringing it to this Court. The Debtor has neither complied with the requirements of Bankruptcy Rule 8005 nor demonstrated why she should be excused from so doing. Thus, this Court lacks jurisdiction to hear the Debtor's request for an emergency stay pending appeal.

(b) Stay Pending Appeal Standard

It is unnecessary for the Court to reach the issue of whether the Debtor has satisfied the standard for the Court to issue a stay pending appeal because it lacks jurisdiction. However, even if this matter was properly before this Court, the Debtor still failed to satisfy her burden entitling her to a stay.

A district court must consider the following factors when deciding whether to grant a stay pending appeal pursuant to Bankruptcy Rule 8005: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a

4

likelihood, of success' on appeal, and (4) the public interests that may be affected." *In re Smith*, No. 09-cv-508, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009) (Seybert, J.) (citing *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993)). Importantly, "the movant bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances." *In re Smith*, 2009 WL 366577, at *2 (internal citations omitted).

Some courts in the Second Circuit have held that the moving party's "failure to satisfy one prong of the standard . . . dooms his motion," while others have indicated the test should be "a balancing of factors that must be weighed." *Compare In re Bijan-Sara Corp.*, 203 B.R. 358 (B.A.P. 2d Cir. 1996) (citing *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995) (Conner, J.)), *with In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (Scheindlin, J.). The Court need not reach the issue of which standard applies because, even assuming the more lenient balancing standard applies, the Debtor failed to meet her burden.

*(i) Irreparable Harm*

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8005] stay. Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347 (internal quotations omitted) (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989), *Rothenberg v. Ralph D. Kaiser Co.*, 200 B.R. 461, 463 (D.D.C. 1996) (Green, J.)). Importantly, injuries fully remedied by monetary damages do not constitute irreparable harm. *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991).

In the instant case, the Debtor has not demonstrated any harm other than alleged loss of future rental income and the loss of the properties if they are sold. She has provided no evidence

5

as to why, in the unlikely event she prevails on appeal, a later grant of monetary damages would not remedy any harm. She does not reside in the properties, like the debtor did in *In re Slater*. In fact, the Debtor's estate stands to gain because the proceeds will help pay down her debts. Further, the proposed terms and conditions of the sale of the Brooklyn Property contain language reserving the Trustee's right to pursue any unpaid rents or other charges for the benefit of the Debtor's estate. The Debtor's failure to satisfy her burden of demonstrating irreparable harm weighs heavily against her already difficult burden of showing why a stay should be granted.

*(ii) Substantial Possibility of Success on Appeal*

"The single most important factor is likelihood of success on the merits." *In re Baker*, No. 05-cv-3487, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005) (Sifton, J.) (citing *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 552 (S.D.N.Y. 1996) (Koeltl, J.)). However, "[t]he requisite showing of substantial possibility of success is inversely proportional to the amount of irreparable injury [plaintiff] will suffer absent the stay." *In re Adelphia Comms. Corp.*, 361 B.R. at 349 (citing *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotations and citations omitted)). Because the Debtor has failed to demonstrate why she will suffer irreparable harm if the properties are sold, she must clearly establish a substantial possibility of success on appeal. However, she likewise fails to demonstrate a substantial possibility of success on appeal, and thus the Court denies her request for a stay.

"The bankruptcy court's legal conclusions are evaluated *de novo*; its findings of fact are subject to a clearly erroneous standard." *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (citing *In re PCH Assoc.*, 949 F.2d 585, 597 (2d Cir. 1991)). The Debtor does not argue Bankruptcy Judge Stong applied the incorrect law when deciding whether or not to approve the Monsey and Brooklyn Orders. Rather, the Debtor appears to argue Bankruptcy

6

Judge Stong simply erred by approving the Orders at issue. Therefore, on appeal, the Court will review Bankruptcy Judge Stong's approval of the Orders under the "clearly erroneous" standard. The Court finds there is no substantial possibility the Bankruptcy Court's findings of fact are clearly erroneous.

The Monsey Order is the result of a settlement among the Trustee, the Debtor's ex-husband—who is a co-owner of the property—and a secured creditor, Wells Fargo, N.A. "In deciding whether to approve a settlement, the [bankruptcy] court must determine whether the proposed settlement is in the best interests of the estate." *Depo v. Chase Lincoln First Bank, N.A.*, 77 B.R. 381, 383 (N.D.N.Y. 1987), *aff'd* 863 F.2d 45 (2d Cir. 1988). The Debtor argues the property should not be sold because the Trustee has not maximized the potential income from the property. (Req. for Permission to Stay Appeal and Seek an Emergency Stay, at ¶ 13.) In response, the Trustee asserts the collection of rents "is wholly insufficient to carry the properties." (Supplemental Letter, Dkt. #10, at 3.) Importantly, the Trustee states the Bankruptcy Court conducted a "lengthy hearing" before entering the Monsey Order. *Id.*

In *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996), the bankruptcy appellate panel granted a stay in part because the bankruptcy court entered a foreclosure order without an evidentiary hearing. In this case, however, the Debtor does not dispute the Bankruptcy Court held a hearing, nor does she allege the Bankruptcy Court prevented her from presenting evidence or having a full and fair opportunity to be heard. "[B]ecause the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial . . . will not be disturbed on appeal absent a clear abuse of discretion." *Depo*, 77 B.R. at 384. The Court finds Bankruptcy Judge Stong's Monsey Order, proposed by the Trustee and entered after properly hearing all parties, is neither clearly

erroneous nor an abuse of discretion. Therefore, the Debtor has not met her burden of demonstrating a substantial possibility of success on appeal.

The Debtor makes a similar argument to the one she asserts regarding the Monsey Order. She argues the property should not be sold because the Trustee has not collected past due rent or sought to maximize the potential income from the property. Notably, however, the Debtor again does not claim she did not have a full and fair opportunity to present her objection to the Trustee's proposed Brooklyn Order. Rather, Bankruptcy Judge Stong entered the Brooklyn Order after "the issues were fully briefed" and she "held a lengthy hearing." (Trustee's Objection to Emergency Stay, at ¶ 15.) After allowing all parties to present their case, the Bankruptcy Court was entitled to uphold the Trustee's business judgment to sell the property. Therefore, the Court finds Bankruptcy Judge Stong's Brooklyn Order, entered after briefing and a full hearing, is neither clearly erroneous nor an abuse of discretion. Because the Debtor has not met her burden of demonstrating how she will be irreparably harmed or that she has a significant possibility of success on appeal—the two most important factors for a court to grant a stay pending appeal—the Court need not evaluate the remaining two factors (which, in any event, weigh against granting a stay).

The Debtor fails to meet her burden for the Court to grant a stay pending appeal. She has not demonstrated how the balance of the factors courts use when deciding whether to grant a stay pursuant to Bankruptcy Rule 8005 weighs in her favor. Crucially, she fails to establish her irreparable harm or to demonstrate a significant possibility of success on appeal. Therefore, the Court denies the Debtor's request for a stay pending appeal.

(c) Supersedeas Bond

Assuming the Court has jurisdiction to hear the Debtor's request for a stay pending appeal, and assuming the Debtor has satisfied her burden for the Court to issue a stay, the Court would require the posting of a supersedeas bond to protect the estate's various creditors. Although the Debtor informed the Court at the Show Cause Hearing held on May 1, 2012 she could post a supersedeas bond of one million dollars, by letter dated May 2, 2012 she relayed she had misunderstood the Court's question. She then argued in her letter why a bond should not be required if the Court granted a stay. Her arguments generally mirror her failed arguments of why this Court should issue a stay and provide no compelling basis for the Court to "deviate from the ordinary full security requirement." *In re DJK Residential, LLC*, No. 08-cv-10375, 2008 WL 650389, at *5 (S.D.N.Y. Mar. 7, 2008). The Court would require the Debtor to post a bond of one million dollars if it granted the requested stay. Because she implied she does not have the ability to do so, the Court denies her request for a stay pending appeal.

**SO ORDERED**

Dated: Brooklyn, New York
   May 7, 2012

/S/
HON. WILLIAM F. KUNTZ, II
United States District Judge

9